---

**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

---

**HON. CLAUDE EARL WALKER, Attorney
General of the Virgin Islands of the United States, in
His official capacity and the GOVERNMENT OF THE
VIRGIN ISLANDS OF THE UNITED STATES,**

                **Petitioners,**

    **v.**

**AMERICAN EXPRESS CENTURION BANK and
AMERICAN EXPRESS BANK, FSP.,**

                **Respondents.**
_____

                                            **1:18-cv-00001**

**ATTORNEYS: Carol Thomas-Jacobs, Esq.
                Chad C. Messier, Esq.**

---

**REPORT AND RECOMMENDATION**

      THIS MATTER is before the Court upon the Order (ECF No. 16) of Chief Judge Wilma

A. Lewis in Civil No. 18-00001 referring Respondents' Notice of Removal (ECF No. 1) to the

undersigned for a Report and Recommendation. For the reasons that follow, the

undersigned recommends that the action be remanded to the Superior Court.

    **1.  Relevant Background**

      In early September 2017, Claude Walker, Attorney General for the United States

Virgin Islands, wrote to the General Counsel of American Express Company expressing his

concerns "regarding American Express's practice of providing different account terms to

consumers in the U.S. Virgin Islands." (ECF No. 1-1) at 71. In his letter, the Attorney General

shared that he had become aware of these business practices by way of news reports about

*Walker v. American Express*
1:18-cv-00001
Report and Recommendation
Page 2

a consent order entered by the United States Consumer Protection Bureau, the content of which detailed the Bureau's findings regarding American Express's business practices in the Virgin Islands and Puerto Rico. (ECF No. 1-1) at 24. Over the next few months the parties engaged in formal correspondence, an in-person meeting between the respective outside counsel, phone conversations, and email. (ECF No. 3) at 9.

On December 5, 2017, in furtherance of their inquiry into American Express's business practices in the Virgin Islands, an administrative subpoena issued from the Virgin Islands Attorney General and the Commissioner of the Department of Licensing and Consumer Affairs (DLCA) to American Express Corp. (ECF No. 11) at 6. On January 2, 2018, a petition was filed in Superior Court to enforce the subpoena. (ECF No. 1-1). The instant notice of removal followed.

## 2. The Edge Act

Respondents seek to remove Petitioners' "Petition to Enforce Administrative Subpoena under 12A V.I.C. § 104(b)," (ECF No. 1-1), citing § 632 of the Edge Act, 12 U.S.C. §§ 611 *et seq*., as grounds for removal.[1] To qualify for removal to federal court under § 632 three criteria must be met:

1. The suit must be a civil suit "at common law or in equity."

2. A "corporation organized under the laws of the United States" (i.e., an Edge Act corporation) must be a party to the suit.

3. The suit must "aris[e] out of" one of three described types of offshore transactions or operations: "transactions involving international or

---

[1] All citations to the United States Code are to the electronic versions that appear in Lexis.

*Walker v. American Express*
1:18-cv-00001
Report and Recommendation
Page 3

> foreign banking, or banking in a dependency or insular possession of the
> United States, or out of other international or foreign financial
> operations."

*Am. Int'l Group v. Bank of Am. Corp.*, 712 F.3d 775, 781 (2d Cir. 2013).

### 3. Discussion

Not all cases involving a bank and a foreign party fall within the extent of the Edge

Act: "[A] district court cannot find that it has § 632 jurisdiction merely because there was a

federally chartered bank involved, there were banking-related activities, and there

were foreign parties." *Lazard Freres & Co. v. First Nat'l Bank*, 1991 U.S. Dist. LEXIS 14665 at

*3 (S.D.N.Y. Oct. 16, 1991). "Rather, a Court should satisfy itself that the suit arises out of an

international or foreign transaction which falls within the realm of those 'characterized as

traditional banking activities.'" *Bank of N.Y.*, 861 F. Supp. 225, 232 (S.D.N.Y. May 27, 1994)

(quoting *Telecredit Serv. Ctr. v. First Nat'l Bank*, 679 F. Supp. 1101, 1103 (S.D. Fla. February

22, 1988)).

In their removal notice, Respondents argue that "Petitioner's Action to compel

information related to Respondents' credit and charge card services in the U.S. Virgin

Islands arises out of transactions involving banking . . . ." and, that "by requesting materials

related to, . . . Respondents' pricing, fee structure, and terms and condition for credit and

charge cards issued in the U.S. Virgin Islands," the action involves traditional banking

activity. (ECF No. 1) at 5.

*Walker v. American Express*
1:18-cv-00001
Report and Recommendation
Page 4

Respondents seek removal of the only matter pending, the Petition to enforce the administrative subpoena. Case law indicates that enforcement of an administrative subpoena is not the type of action contemplated by § 632. To support removal of an action under § 632, the facts must show that a transaction involving traditional banking activities has occurred. For example, where a plaintiff used his credit card to buy merchandise while overseas and the lender's failure to disclose the conversion fee, up-front, violated Illinois law, removal under §632 was appropriate. *Clarken v. Citicorp Diners Club, Inc.*, 2001 U.S. Dist. LEXIS 17607 (N.D. Ill. Oct. 22, 2001). In a case in which cardholders alleged that funds advanced electronically by card issuers, for gambling in Internet casinos, was illegal under New York law, the court found removal under § 632 was appropriate. *Pinto v. Bank One Corp.*, 2003 U.S. Dist. LEXIS 9348 (S.D.N.Y. June 3, 2003). In an action in which plaintiffs claimed they were fraudulently induced to refinance a mortgage, they "alleged facts sufficient to invoke section 632 jurisdiction" even though the complaint sounded in negligence and conspiracy. *Conjugal Society Composed of Juvenal Rosa v. Chicago Title Ins. Co.*, 690 F.2d 1, 5 (1st Cir. 1982). But, a suit involving the purchase of loans, "[d]espite its appearance of having arisen from a failed banking transaction" was primarily contractual and therefore did not give rise to federal jurisdiction pursuant to the Edge Act." *Bank of N.Y.*, 861 F. Supp. at 233.

An action that recites seemingly obvious banking activity may not implicate the Edge Act. For example, in cases reviewed by the Court, fraudulent charge backs on credit

*Walker v. American Express*
1:18-cv-00001
Report and Recommendation
Page 5

card invoices, the purchase of loans, foreclosure, and circulation of bad checks did not qualify as traditional banking activities under § 632, while indentures and notes, issuance of letters of credit, wire transfers, and refinancing were found to be traditional banking activities giving rise to Edge Act jurisdiction.[2] Therefore, courts must look to the facts of the case.

"Section 632 should be construed narrowly, and any doubts resolved against removability." *Consorcio de Fomento Industrial v. First National Bank of Chicago*, 1993 U.S. Dist. LEXIS 10707 (N.D. Ill. Aug. 3, 1993) (quoting *Contitrade Services Corp v. Eddie Bauer, Inc.*, 794 F. Supp. 514, 516 (S.D.N.Y. 1992)). Here, the action removed is enforcement of an administrative subpoena. Even though the subpoena itself requests information that appears to be related to banking activity, the instant Petition is not an action arising from a transaction involving banking. The documents provided to the Court show only that a suit may arise at a future date. A complaint that alleges a violation of law and that contains sufficient facts to show that a transaction involving traditional banking activities is connected to that violation has not been filed.

---

[2] *See, e.g., Diaz v. Pan American Federal Sav. & Loan Asso.*, 635 F.2d 30, 32 (1st Cir 1980) (writing, "we are unable to believe that Congress intended to reach all cases in which a bank is a party" court remanded case regarding bounced checks); *Conjugal Society Composed of Juvenal Rosa v. Chicago Title Ins. Co.*, 690 F.2d at 3-4 (citing cases); *Warter v. Boston Secs.*, 2004 U.S. Dist. LEXIS 5682 at *15 (S.D. Fla. March 22, 2004) (reciting facts that led to court's conclusion that embezzlement case was properly removed pursuant to the Edge Act); *Sollitt v. KeyCorp*, 463 Fed. Appx. 471 (6th Cir. 2012) (case involving foreign currency transactions did not satisfy jurisdictional requirements of Edge Act); *William v. Federal Land Bank Of Baltimore*, 303 F. Supp. 482 (D.P.R. September 9, 1969) (in a case involving foreclosure, ". . . litigation is not one arising from a transaction involving banking in a dependency or insular possession of the United States. It is rather an independent action brought in a local court to obtain relief from a federal judgment.").

*Walker v. American Express*
1:18-cv-00001
Report and Recommendation
Page 6

Based upon the foregoing, it is hereby RECOMMENDED that the action be

REMANDED to the Superior Court.

Any objections to this Report and Recommendation must be filed in writing within

fourteen (14) days of receipt of this notice. Failure to file objections within the specified

time shall bar the aggrieved party from attacking such Report and Recommendation before

the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

ENTER:

Dated: February 27, 2018                    /s/ George W. Cannon, Jr.
                                            GEORGE W. CANNON, JR.
                                            MAGISTRATE JUDGE